IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRYAN LYONS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 14-0510-CV-W-ODS ) |
| BOB DREW, et al., | ) ) |
| Defendants. | ) |

### ORDER GRANTING DEFENDANT BOB DREW's MOTION TO DISMISS, AND DISMISSING ALL INDIVIDUAL DEFENDANTS

Pending is Defendant Bob Drew's Motion to Dismiss. Doc. #10. The motion is granted.

## I. Background

On September 16, 2014, pro se Plaintiff Bryan Lyons ("Plaintiff") filed an Amended Complaint against Bob Drew ("Defendant"), Patriot Surplus, Creative Associates, Randy Banks, Lee Davis, David Rock, "Kevin ?," "Clifford ?," and "Adam?," asserting claims under Title VII, the Americans with Disability Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 1983, 1985, 1986, the Eighth Amendment, and 18 U.S.C. §§ 241, 242, 1961, and 1968. Plaintiff's asserts these claims due to Defendant's allegedly discriminatory actions based on sexual harassment, age, and disability.

## II. Standard

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss,

the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

### III. Discussion

#### A. Title VII

All claims under Title VII, the ADEA, and the ADA must be brought against a covered employer. The Eighth Circuit has held individuals are not covered employers under Title VII. *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691 (8th Cir. 1997). Here, Defendant Bob Drew is an individual and thus is not subject to liability under Title VII.

#### B. ADEA and ADA

While the Eighth Circuit has not expressly held whether individual liability exists under the ADEA, it has determined the definitions of employer under Title VII and the ADEA are analogous. *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380

2

(8th Cir. 1995). Consequently, many courts within the Eighth Circuit have held that the Eighth Circuit will not impose individual liability under the ADEA. *See, e.g. Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Olsen v. Capital Region Medical Center*, 2012 WL 1232271, at *12 (W.D. Mo. Apr. 12, 2012); *Widmar v. City of Kansas City, Mo.*, 2006 WL 743171, at *2 (W.D. Mo. March 20, 2006). Further, several other Circuits have reached a similar conclusion regarding individual liability. *See, e.g. Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-511 (4th Cir. 1994).

Likewise, the Eighth Circuit has not expressly held whether individual liability exists under the ADA. However, the definitions under Title VII and the ADA are analogous. Again, many courts within the Eighth Circuit have determined the Eighth Circuit would not impose individual liability under the ADA. *See, e.g. Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655, at *1-2 (E.D. Mo. Dec. 8, 2011); *Donnelly v. St. John's Mercy Medical Center*, 2008 WL 2699859, at *1-2 (E.D. Mo. June 30, 2008); *Stevenson v. Best Buy Corp.*, 2005 WL 3434770 at *3 (E.D. Mo. Dec. 14, 2005). Moreover, several Circuits have reached the same conclusion regarding individual liability. *See, e.g. Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

Accordingly, this Court finds Defendant Drew as an individual is not subject to liability under the ADEA or the ADA. Because this provides sufficient grounds for the Court to grant Defendant's Motion to Dismiss, the Court need not address the remainder of Defendant's arguments in support of his Motion to Dismiss.

### C. Remaining Individual Defendants

The arguments Defendant Drew present have further implications. Because the law is so well-settled that individuals are not liable under Title VII, the ADEA, and the ADA, the Court finds claims against all other individuals in this matter are frivolous. Thus, the Court revokes its grant of in forma pauperis status with respect to the remaining individual defendants.

3

### D. Remaining Claims

Plaintiff also asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and the Eighth Amendment. However, Plaintiff provides no factual or legal basis for these claims. Therefore, to the extent Plaintiff makes claims based on these statutory and Constitutional provisions, they are dismissed.

Additionally, Plaintiff asserts several claims pursuant to criminal statutes: 18 U.S.C. §§ 241, 242, 1961, and 1968. However, this matter is a civil proceeding, and the listed statutes are for criminal violations. As such, those claims are dismissed.

### E. Costs and Fees

In his Motion to Dismiss, Defendant Drew requests this Court to award costs associated in defending against Plaintiff's claims. Doc. #11. This request is denied.

### F. Default Judgment and Grand Jury Request

In his Opposition to Defendant's Motion to Dismiss, Plaintiff requests that the Court impanel a Grand Jury and enter a default judgment against Defendant. Doc. #13. First, the Federal Rules of Civil Procedure, which govern this matter, do not authorize impanelling a grand jury in a federal civil proceeding. Second, there is no present legal basis to enter a default judgment against the defendants. Accordingly, these requests are denied.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Defendant Bob Drew and all other individual defendants.

IT IS SO ORDERED.

DATE: March 16, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT