IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRYAN LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0510-CV-W-ODS |
| ) | |
| BOB DREW, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING JURY TRIAL REQUEST AND OTHER RULINGS

Pending are Plaintiff's motions seeking miscellaneous relief. Doc. #17, #18, #23, #29, #30. Therein, Plaintiff makes a variety of requests.

Plaintiff demands a trial by jury. The Court grants this request. Plaintiff also requests the Court impanel a Grand Jury. As previously ruled upon in the Court's Order on March 16, 2015, the federal rules of civil procedure do not authorize impanelling a grand jury in a federal civil proceeding. Doc. #35. Thus, this request is denied.

Next, Plaintiff makes various requests regarding the Rule 26(f) conference, including a request that the Court enforce this conference. After a review of the Record, it appears that the Rule 26(f) conference was held with Defendant Bob Drew. Doc. #30, #33. Moreover, Bob Drew has been dismissed. A new conference will have to be conducted once Defendant Patriot Surplus enters an appearance. Thus, the Court deems these requests moot.

Plaintiff renews his request for appointment of counsel. Under 28 U.S.C. § 1915, the Court may request that an attorney represent a plaintiff who is unable to employ counsel. After reviewing Plaintiff's affidavit of financial status, the Court has determined that Plaintiff would be financially unable to pay counsel out of pocket while the matter is pending. However, a court should appoint counsel for a pro se litigant only "where necessary." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In assessing whether appointment of counsel is necessary, the Court shall consider such factors as the nature of the litigation, the factual complexity of the litigation, and the litigant's ability

to investigate and present his claims. *Id.*; *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990).

This Court has reviewed Plaintiff's request in light of the factors set forth in *Johnson* and has determined that the present record is insufficient to support a finding that appointment of an attorney is necessary. Plaintiff has not demonstrated that the issues presented in his suit are unusual or based on complex facts, nor has he shown that his ability to investigate personally and present his case is in any way impaired. For these reasons, appointment of counsel by the Court is inappropriate at this time and Plaintiff's Motion is denied.

However, the Court refers Plaintiff to the Missouri Bar Lawyer Referral Service. Plaintiff may contact this service at (573) 636-3635, (573) 635-4128 or 326 Monroe Street, Jefferson City, Missouri, 65101.

Finally, all other requests in Plaintiff's motions, including the request to add Defendant Drew's attorneys as parties, are denied. To the extent Defendant Bob Drew seeks sanctions against Plaintiff for filing these motions, that request is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 18, 2015  UNITED STATES DISTRICT COURT