IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRYAN LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0510-CV-W-ODS |
| ) | |
| BOB DREW, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS

Pending is Defendant Patriot Surplus's Motion to Dismiss. Doc. #61. For the foregoing reasons, the Motion is denied in part and granted in part.

I. Background

On September 16, 2014, pro se Plaintiff Bryan Lyons ("Plaintiff") filed an Amended Complaint against Bob Drew, Patriot Surplus ("Defendant"), Creative Associates, Randy Banks, Lee Davis, David Rock, "Kevin ?," "Clifford ?," and "Adam?," asserting claims under Title VII, the Americans with Disability Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 1983, 1985, 1986, the Eighth Amendment, and 18 U.S.C. §§ 241, 242, 1961, and 1968. Plaintiff asserts these claims due to Defendant's allegedly discriminatory actions based on sexual harassment, age, and disability. On March 16, 2015, the Court dismissed all the individual defendants in the case. Doc. #35.

II. Legal Standard

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam)(quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintif [ ]." *Stodgill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Additionally, a court must liberally construe a pro se complaint and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir. 2010). However, pro se complaints "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. Discussion

#### A. ADA

To establish a prima facie under the ADA, Plaintiff must establish that "he is disabled within the meaning of the ADA, that he is qualified to perform the essential functions of his position, and that he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kiel v. Select*

2

*Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999). "Under the ADA, disability is defined as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Taylor v. Nimcock's Oil*, 214 F.3d 957, 959-60 (8th Cir. 2000).

Defendant argues Plaintiff has not sufficiently pled that he is disabled within the meaning of the ADA.[1] Plaintiff states in his Complaint that he smashed his finger and his foot. Complaint, page 3. Plaintiff claims he was injured on the job and thereafter had difficulty moving and performing other aspects of his job. Complaint, page 3. He was then told, "You will be fired because of your injuries on the job. He said I was not moving fast enough. " Complaint, page 2. The Court finds these allegations are sufficient to support an inference Plaintiff will adduce evidence that he was disabled within the meaning of the ADA and that he was terminated because of this disability.

*B. ADEA*

The ADEA prohibits employers "from taking adverse employment actions against employees because of their age." *King v. U.S.*, 553 F.3d 1156, 1160 (8th Cir. 2009) (citations omitted). A plaintiff may establish an ADEA claim by providing either direct evidence or indirect evidence. *Id*. Direct evidence is "evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 953 (8th Cir. 2012)(citations and quotations omitted).

Defendant argues Plaintiff makes only conclusory allegations regarding his ADEA claim.[2] The Court disagrees. Rather, Plaintiff submits direct evidence that he

---

[1] Defendant cites *Nesser v. Trans World Airlines, Inc.*; *Weber v. American Express Co.*, and *Olsen v. Capital Region Medical Center* in support of this proposition. 160 F.3d 442 (8th Cir. 1998); 994 F.2d 513 (8th Cir. 1993); No. 10-4221-CV-C-FJG, 2012 WL 1232271 (W.D. Mo. Apr. 12, 2012). However, all of these cases were decided at the summary judgment stage, and thus, a different legal standard is applicable.

[2] Defendant cites *Olsen v. Capital Region Medical Center* in support of its argument. This case is problematic for a variety of reasons. No. 10-4221-CV-C-FJG, 2012 WL 1232271 (W.D. Mo. Apr. 12, 2012). One, that case did not involve direct evidence, and thus a different legal standard was applicable. Two, that case was decided at the summary judgment stage, and so, again, a different legal standard was applicable.

was terminated due to age. His Complaint alleges that an employee of Defendant stated, "I have a younger relative that will replace you after you're fired because of your age 54." This averment, quite simply, is not a conclusory allegation. Further, at this juncture, the Court must construe all factual allegations in the Complaint in the light most favorable to the Plaintiff. Thus, the Court finds that this factual averment is sufficient to support an inference that evidence will be presented demonstrating that an illegitimate criterion motivated Plaintiff's termination.

*C. Title VII Sexual Harassment*

To establish a prima facie case for sexual harassment based on hostile work environment under Title VII, a Plaintiff must demonstrate that "(1) that [he] was a member of a protected group, (2) the occurrence of unwelcome harassment; (3) a causal connection between the harassment and [his] membership in the protected group, (4) that the harassment affected a term, condition or privilege of employment, and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action." *Erenberg v. Methodist Hosp.*, 357 F.3d 787, 792 (8th Cir. 2004). While Defendant argues Plaintiff fails to assert facts to support the first four elements, Defendant only substantively discusses elements three and four. Accordingly, the Court will only address those elements as well.

In same-sex sexual harassment claims, a plaintiff can satisfy the third element in one of three ways: (1) the plaintiff can demonstrate the conduct at issue was motivated by sexual desire, (2) the plaintiff can show that a general hostility to the presence of the same gender in the work place motivated the harasser, or (3) the plaintiff may offer direct comparative evidence about how the harasser treated both males and females in a mixed sex workplace. *McCown v. St. John's Health Sys.*, 349 F.3d 540, 543 (8th Cir. 2003). Defendant maintains Plaintiff has made no factual allegations that satisfies any of these three options. In making this argument, Defendant cites *McCown v. St. John's Health System*, in which the Eighth Circuit determined that a Defendant who ground "his genitals against [the plaintiff's] buttocks in simulated intercourse," while vulgar, was not conduct that was "because of sex." *Id*. The conduct at issue in *McCown* is fundamentally different than the alleged conduct at issue here – forced oral sex. The

4

Court finds that this is not a merely "vulgar" act – it is an attempted sex act and the inherent nature of this sex act is sufficient for the Court to infer Defendant's employee's actions were motivated by sexual desire.

Next, Defendant argues Plaintiff has not satisfied element four because the conduct at issue is not severe or pervasive enough to amount to sexual harassment. Defendant cites cases in which the Eighth Circuit determined certain behavior was not sufficiently severe or pervasive to be considered sexual harassment. Some of this behavior included a co-worker squeezing another employee's buttocks and a training coordinator telling an employee he wanted to have a relationship with her. *Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990 (8th Cir. 2003); *Duncan v. General Motors Corp.*, 300 F.3d 928 (8th Cir. 2002). Additionally, Defendant cites *Hawkins v. Holloway*, in which the Eighth Circuit found a sheriff repeatedly making sexually suggestive comments to his employees and engaging in other offensive touching did not violate his employees' substantive due process rights. 316 F.3d 777, 785-86 (8th Cir. 2003). However, the Court finds all of these cases are distinguishable, as Plaintiff's claim that Defendant's employee forced oral sex upon Plaintiff, in and of itself, is extreme, and thus provides sufficient factual allegations that the fourth element is satisfied.

*D. Title VII Retaliation*

To establish a prima facie case for retaliation under Title VII Plaintiff must demonstrate (1) that he engaged in conduct protected by Title VII, (2) that the employer took an adverse employment action against the plaintiff, and (3) that the adverse employment action was causally related to the plaintiff's protected activity." *Tolen v. Ashcroft*, 377 F.3d 879, 884 (8th Cir. 2004). Protected activity includes, "either opposing an act of discrimination made unlawful by Title VII..., or by participating in an investigation under Title VII…" *Hunt v. Nebraska Public Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002).

Defendant argues Plaintiff fails to allege he participated in statutorily protected activity. Here, Plaintiff states in his Complaint that he was "demoted for reporting sexaull [sic] advances from employees and supervisors to my general manager." Complaint, page 2. He also states he was "demoted…because Mr. Lyons refuse [sic] sexually [sic]

advances from employees or Defendants and reporting these act [sic] to my supervisors." Complaint, page 2. These allegations are sufficient to support an inference that Plaintiff engaged in statutorily protected activity.

Defendant also argues that because Plaintiff does not have an underlying Title VII claim, his retaliation claim necessarily fails. First, as discussed in Section III.C, the Court finds that Plaintiff has sufficiently stated a Title VII claim. Second, this argument is legally erroneous. To successfully establish a retaliation claim, a plaintiff "need not establish the conduct which [h]e opposed was in fact discriminatory but rather must demonstrate a good faith, reasonable belief that the underlying conduct violated the law." *Foster v. Time Warner Entertainment Co., L.P.*, 250 F.3d 1189, 1195 (8th Cir. 2001)(citations and quotations omitted). Thus, Defendant's argument fails.

### E. Res Judicata and Collateral Estoppel

Defendant argues res judicata and collateral estoppel bar Plaintiff's claims because he previously settled these claims through the Missouri Division of Workers' Compensation administrative process. The Court finds this argument unpersuasive.

To determine the preclusive effect of this settlement, the Court must analyze the preclusive effect Missouri courts would give the settlement. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Res judicata bars "the same parties or their privities from relitigating the same cause of action." *Eugene Alper Const. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 136 (Mo. Ct. App. 1983). "Claims that could have been raised…in the first action are merged into, and thus are barred by, the first judgment. To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same act, contract or transaction." *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318-19 (Mo. 2002). "[C]ollateral estoppel (issue preclusion) precludes the same parties or those in privity from relitigating issues which have been previously litigated." *Eugene Alper Const. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 136 (Mo. Ct. App. 1983). Worker compensation settlements approved by an administrative law judge "constitute[ ] a binding adjudication for purposes of res judicata and collateral estoppel." *Champ v. Doe Run Co.*, 84 S.W.3d 493, 494 (Mo. Ct. App. 2002).

6

The Court finds the previous worker's compensation settlement does not have preclusive effect on this proceeding.  First, Defendant does not cite – and the Court is not aware of – any legal authority that demonstrates Plaintiff could have asserted ADA, ADEA, and Title VII claims during a worker's compensation administrative proceeding.  Nor does Defendant cite any legal authority that suggests that these types of actions are compensable under the Missouri Worker's Compensation Act.  Certainly, Plaintiff settled his claim regarding actual physical injuries he incurred, and the law is well-settled that Plaintiff cannot relitigate those claims or related tort claims in this Court.  But Plaintiff is not asserting those types of claims here.  Rather, Plaintiff is claiming Defendant discriminated against him.

Second, after reviewing Defendant's attached exhibits, the Court is not convinced that all the issues Plaintiff raises in his Complaint were adjudicated or settled in the worker's compensation administrative process.  For example, there appears to be no facts regarding age discrimination in the worker's compensation documentation.  Additionally, while Plaintiff raised facts regarding the alleged sexual harassment and assault in his Claim for Compensation, it is not clear from the Defendant's attached exhibits that those facts were actually adjudicated or settled.  Specifically, all the "occurrences" that were settled have to do with actual physical injuries Plaintiff incurred such as "contusion – L Foot."  None of the settled "occurrences" have anything to do with the alleged sexual harassment and assault.

### F.  Remaining Claims

Plaintiff also asserts claims pursuant to 18 U.S.C. §§ 1961 and 1968, 42 U.S.C. §§ 1983, 1985, 1986 and the Eighth Amendment.  However, Plaintiff provides no factual or legal basis for these claims.  Therefore, to the extent Plaintiff makes claims based on these statutory and Constitutional provisions, they are dismissed.

Additionally, Plaintiff asserts several claims pursuant to criminal statutes: 18 U.S.C. §§ 241 and 242.  However, this matter is a civil proceeding, and Plaintiff lacks the authority to prosecute crimes.  Thus, those claims are dismissed.

*G. Plaintiff's Requests*

Plaintiff filed a Reply to Defendant's Reply in Support of its Motion to Dismiss. Doc. #69. Therein Plaintiff appears to maintain Defendant is in default and to assert a claim for racketeering against Defendant. Plaintiff also appears to request that this court hold a hearing for a class action and to assert a claim against Defendant's attorneys for obstruction of justice. Presently, no factual or legal basis exists for any of these requests. Accordingly, these requests are denied.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Plaintiff's claims pursuant to 18 U.S.C. §§ 241, 242, 1961, and 1968; 42 U.S.C. §§ 1983, 1985, 1986; and the Eighth Amendment. Defendant's Motion to Dismiss is denied in all other respects. Plaintiff's remaining claims are (1) discriminatory conduct in violation of the ADA, (2) discriminatory conduct in violation of the ADEA, (3) sexual harassment/hostile working environment in violation of Title VII, and (4) a retaliation claim for asserting his rights under Title VII.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 21, 2015     UNITED STATES DISTRICT COURT